Tara Malek, ISB No. 8709
Katie L. Daniel, ISB No. 10473
SMITH + MALEK, PLLC
601 E. Front Ave., Ste. 304
Coeur d'Alene, ID 83814
Tel:    208-215-2411
Fax:   208-215-2416
Email: service@smithmalek.com

*Attorneys for the Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICHOLE JAMES and HEMENE JAMES, wife and husband,<br><br>　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>KOOTENAI COUNTY, a political subdivision of the State of Idaho, KOOTENAI COUNTY CORONER'S OFFICE, a department of Kootenai County, and WARREN KEENE, in his individual capacity as KOOTENAI COUNTY CORONER,<br><br>　　　　　　　　　Defendants. | Case No. 2:19-CV-00460-BLW<br><br>**DECLARATION OF FRANCIS SIJOHN IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT TO INCLUDE PUNITIVE DAMAGES [DKT. 34]** |

I, FRANCIS SIJOHN, hereby declare as follows:

1. I am the brother of Plaintiff Nichole James in the above-entitled action and have personal knowledge of all facts contained herein.

2. On June 1, 2018, my 21-year-old niece, Olivia, was killed in a single-car accident on Highway 58 within the boundaries of the Coeur d'Alene Reservation.

DECLARATION OF FRANCIS SIJOHN IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT TO INCLUDE PUNITIVE DAMAGES: 1

3. Following the accident, I was informed that the Kootenai County Coroner's Office took possession of Olivia's body.

4. It is my understanding that other members of my family attempted to contact the Coroner's Office and Warren Keene to determine the location of Olivia's body.

5. It is my understanding that the Coeur d'Alene Tribe, through its agents and representatives, contacted the Coroner's Office to communicate our family's religious beliefs and our objection to an autopsy.

6. Nearly 48 hours after Olivia's death, Warren Keene made contact with me via telephone call.

7. During that telephone conversation, I informed Warren Keene of my family's, including Plaintiffs, religious beliefs and our objection to an autopsy based on those religious beliefs.

8. Specifically, I explained to Warren Keene that an autopsy would disrupt Plaintiffs' religious practice of preparing Olivia's body for burial. I informed him of the three-day timeline within which our religious traditions must be carried out. I also informed him that our religious beliefs consider an autopsy to be a desecration of the body.

9. With respect to our religious objections to an autopsy, Warren Keene responded that "he is a man of science" and that his science "trumps" our religious beliefs.

10. Warren Keene refused to return Olivia's body and rejected our objections to an autopsy.

DECLARATION OF FRANCIS SIJOHN IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT TO INCLUDE PUNITIVE DAMAGES: 2

11. I informed Warren Keene that I was putting in a formal request with the Kootenai County Coroner's Office that the family of Olivia wanted her body returned and to know the location of her body. Warren Keene refused both.

12. Warren Keene maintained that the Coroner's Office would conduct an autopsy on Olivia's body the following day, Monday, June 4, 2018.

13. I declare under penalty of perjury that the foregoing is true and correct.

DATED this 7th day of January, 2022.

                                                                           */s/Francis SiJohn*
                                                                           FRANCIS SIJOHN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of January, 2022, I served the foregoing electronically via email:

- Peter C. Erbland
perbland@lclattorneys.com

- Katharine B. Brereton
kbrereton@lclattorneys.com

                                                               */s/ Sidney Boyle*
                                                               SIDNEY BOYLE