UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICHOLE JAMES and HEMENE JAMES, wife and husband,<br><br>        Plaintiffs,<br><br>    v.<br><br>KOOTENAI COUNTY, a political subdivision of the State of Idaho, KOOTENAI COUNTY CORONER'S OFFICE, a department of Kootenai County, and WARREN KEENE, in his individual capacity as KOOTENAI COUNTY CORONER,<br><br>        Defendants. | Case No. 2:19-cv-00460-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiffs' Motion for Leave to File an Amended Complaint. Dkt. 32. Having reviewed the parties' briefs and being familiar with the facts of the case, the motion is ripe for consideration. For the following reasons, the Court will partially grant and partially deny the motion.

## BACKGROUND

Nichole and Hemene James bring this action against Defendants Kootenai County, a political subdivision of the State of Idaho, and Warren Keene in his

**MEMORANDUM DECISION AND ORDER - 1**

individual capacity as Kootenai County Coroner. *Complaint*, Dkt. 1. The Jameses are enrolled members of the Coeur d'Alene tribe, a federally recognized Indian Tribe. *Id.*

On June 1, 2018, the Jameses' daughter, Olivia Pakootas, died in a single-car collision within the boundaries of the Coeur d'Alene Reservation in Kootenai County, Idaho. *Id.* After she was pronounced dead at the scene of the accident, the Kootenai County Coroner's office took possession of her body to determine the cause of death pursuant to Idaho Code § 19-4301. *Id.*

Once the Jameses learned that Olivia's body was at the coroner's office, they attempted to contact the office and Dr. Keene. They wanted to take possession of the body and make clear that they had religious objection to have an autopsy.[1] *Id.* Despite the requests, Olivia's body was not returned to the family until June 4, 2018. *Id.*

---

[1] The Complaint describes in detail the The Jameses' traditional, religious burial practices. The Coeur d'Alene Tribe's burial process involves the family preparing the body for burial beginning one day following the death. The body is to be embalmed; the body and hair is washed, and the hair is braided; the body is then dressed in a traditional dress and moccasins; and finally, the body is adorned with huckleberries, traditional roots, and other items of significance. Following preparations, the body is transferred to the family home for a family wake, prayer, family visitation, and a midnight dinner. Following family preparations and observance, the body is taken for public viewings and a wake in the Long House. After a community-attended religious ceremony performed pursuant to both traditional Catholic and Coeur d'Alene tribal traditions, the body is to laid to rest. All the foregoing is to occur within three days of the decedent's passing. Dkt. 1 at 10-11.

**MEMORANDUM DECISION AND ORDER - 2**

On November 22, 2019, the Jameses initiated this action pursuant to the Idaho Tort Claims Act, Idaho Code § 6-918, and 42 U.S.C. § 1983.[2] *Id.* They allege that because of the delay in obtaining Olivia's body, they were unable to observe their traditional religious burial practices and put Olivia's soul to rest. *Id.* In their original complaint, the Jameses sought, *inter alia*, general and specific damages, injunctive relief, and attorneys fees and costs. Dkt. 1. On January 10, 2022, the Jameses filed this Motion for Leave to Amend Complaint to include claims for punitive damages.

## DISCUSSION

The first issue is whether this motion is governed by the strict standard of Federal Rule of Civil Procedure 16(b) or the more permissive standard of Rule 15(a)(2). *Compare* Fed. R. Civ. P. 16(b) (requiring a showing of "good cause" to permit a party to amend a complaint after deadlines of a scheduling order have lapsed) *with* Fed. R. Civ. P. 15(a)(2) (setting a "when justice so requires" standard for amendment). Defendants argue that 16(b) should apply because the Court's amended scheduling order required the Jameses to move to amend their complaint

---

[2] The Jameses base their § 1983  claims on a violation of their First and Fourteenth Amendment rights to be free from religious discrimination. The Jameses base their Idaho Tort Claims Act claims on the bases of intentional infliction of emotional distress, negligent infliction of emotional distress, and injunctive relief.

before December 31, 2020. Not so.

The Court's first scheduling order provided a particular timeline for all "[m]otions to amend pleadings and join parties, *except for allegations of punitive damages*." *Scheduling Order*, Dkt. 11 (emphasis added). That order also clearly included "motions for punitive damages" in the category of "dispositive motions" subject to a December 31, 2020 deadline. *Scheduling Order*, Dkt. 11. In accordance with the parties' stipulations, the Court subsequently extended that dispositive motion deadline to March 1, 2020, Dkt. 16, April 30, 2021, Dkt. 19, August 27, 2021, Dkt. 24, and finally, to January 10, 2022, Dkt. 29.

None of the stipulations or amended scheduling orders altered the meaning of "dispositive motions" as set out in the first scheduling order. The stipulations themselves merely "request an extension of the following deadlines . . . Dispositive Motions." *Stipulations*, Dkts. 15, 23. The parties do not attempt to redefine the category of "dispositive motions" to exclude motions for punitive damages. Read together with the first scheduling order, the stipulations evince a clear intent to extend the deadline for "dispositive motions," including motions for punitive damages. *See Stipulations*, Dkts. 15, 23, 11.

The plain terms of the scheduling order placed motions for leave to amend to add punitive damages in the category of "dispositive motions" and excluded them

from the category of other motions to amend or join. Thus, the subsequent amended scheduling orders also placed motions for leave to amend to include punitive damage in the category of "dispositive motions." When those orders changed the deadlines for dispositive motions, they also changed the deadlines for motions for leave to amend to add punitive damages. Therefore, the deadline for filing a motion for punitive damages was January 10, 2022.

Because the Court concludes that the Jameses timely filed their motion, Rule 15(a)(2)'s liberal standard provides the appropriate standard for analyzing the present motion. Federal Rule of Civil Procedure 15 provides a party with leave to amend its pleadings as a matter of course, with the opposing party's written consent, or with "the court's leave." Fed. R. Civ. P. 15; *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015). A trial court should allow amendment under Rule 15(a)(2) "when justice so requires." *Id.*

The Ninth Circuit directs courts to apply this policy with "extreme liberality." *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1161-62 (9th Cir. 2021) (citing *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 712 (9th Cir. 2001). "In determining whether leave to amend is appropriate, the district court considers . . . four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Id.* Although all of these factors are relevant, the "crucial

factor is the resulting prejudice to the opposing party," *Howey v. United States*, 481 F.2d 1187, 1189 (9th Cir. 1973). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 2003). Generally, a court must make a determination "with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Here, the first two factors weigh in favor of granting leave to amend. There is no bad faith or undue delay. As discussed previously, the Jameses brought this motion at the close of discovery and before the deadline set by the Court's scheduling order.

Futility, however, largely weighs against amendment. A motion is futile under Rule 15(a)(2) when "the court determines that the pleading could not possibly be cured by the allegation of other facts." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016) (internal quotations and citations omitted). For instance, claims that are barred by the applicable statute of limitations are futile. *See Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1103 (9th Cir. 2018). Here, the parties agree that three of the Jameses' proposed amendments are futile because they are barred by state and federal law.

The Idaho Tort Claims Act states that "[g]overnmental entities and their

employees shall not be liable for punitive damages on any claim allowed under the provisions of this act." Idaho Code § 6-918. *See also Jones v. St. Maries*, 111 Idaho 733, 746 n.8 (1986); *Greenwade v. Idaho State Tax Comm'n*, 119 Idaho 501, 504 (Idaho App. 1991). As such, punitive damages are not available for any of the Jameses' state law tort claims.

Likewise, the United States Supreme Court has held that "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981). Consequently, because Kootenai County is a municipality of the state of Idaho, punitive damages are not available for the Jameses' § 1983 claim against Kootenai County. That part of the Jameses' motion will also be denied.

But the Jameses' request to add a punitive damage claim against Dr. Keene in his individual capacity under § 1983 is not futile. Punitive damages are available in a § 1983 suit against a municipal official personally. *Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991).

Because there is no legal bar to this claim, the Jameses' claim for punitive damages is futile only if it could not possibly be cured by the allegation of other facts. *Ebner*, 838 F.3d at 968. In conjunction with a § 1983 claim, punitive damages may be awarded when a defendant's conduct "was driven by evil motive

or intent, or when it involved reckless or callous indifference to the constitutional rights of others." *Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005). Punitive damages may also be recovered for "malicious, wanton, or oppressive acts or omissions." *Id*. Conduct is oppressive "if done in a manner which injures or damages or otherwise violates the rights of another person with unnecessary harshness or severity as by misuse or abuse of authority or power, or by taking advantage of some weakness or disability or the misfortunes of another person." *Id.* at 809.

Plaintiffs make sufficient allegations for a reasonable jury to find that evil motive or a reckless or callous indifference to the Jameses' First Amendment rights drove Dr. Keene to obstruct of the Jameses' religious practices and burial traditions. This conclusion could be drawn, for instance, from the allegations that Dr. Keene declined to promptly release Olivia's body as requested, made statements that were dismissive of the Jameses' religious beliefs, and performed a blood draw despite a court order prohibiting any "physical changes" to Olivia's body. *Pl. Br.*, Dkt. 32. at 2–5, 9. Plaintiffs may or may not succeed in proving these allegations, but Defendants' arguments about the evidence's interpretation and admissibility are improper at this juncture. Defendants have not met their burden to show that the amendment is futile.

Finally, Defendants have not shown they will suffer prejudice. The amendment is relatively minor in scope—punitive damages against one defendant added to a pre-existing legal claim—and so will not require the re-opening of discovery. And the amendment does not introduce a new theory of liability *See Lockheed Martin Corp. v. Network Solutions, Inc*., 194 F.3d 980, 985-86 (9th Cir. 1999); *Parker v. Joe Lujan Enterprises, Inc*., 848 F.2d 118, 121 (9th Cir. 1988).

## ORDER

**IT IS ORDERED that:**

1.     Plaintiffs' Motion for Leave to Amend (Dkt. 32) is **GRANTED** in part and **DENIED** in part. Plaintiffs may amend their complaint only to add claims for punitive damages to their § 1983 claim against Warren Keene in his individual capacity.

DATED: March 4, 2022

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 9**